FEDERAL TRADE COMMISSION, Plaintiff—Appellee,

v.

CYBERSPACE.COM LLC; French Dreams; Electronic Publishing Ventures LLC; Olympic Telecommunications Inc; Ian Eisenberg, Defendants,

and

Coto Settlement; Chris Hebard, Defendants—Appellants.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**Federal Trade Commission,
Plaintiff—Appellee,**

v.

**Cyberspace.com LLC; Coto Settlement;
Electronic Publishing Ventures LLC;
Chris Hebard, Defendants,**

and

**French Dreams; Olympic Telecommu-
nications Inc; Ian Eisenberg, De-
fendants—Appellants.**

Nos. 04–35428, 04–35431.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2006.

Filed July 13, 2006.

See also 453 F.3d 1196.

Collot Guerard, Esq., Michael Goodman, Esq., Federal Trade Commission, Washington, DC, for Plaintiff–Appellee.

Marilyn E. Kerst, Esq., Federal Trade Commission, Washington, DC, Kathryn J. Diemer, Esq., Diemer Whitman, San Jose, CA, for Defendants.

Derek Alan Newman, Esq., Roger Townsend, Esq., Newman & Newman, LLP, Tim J. Filer, Sarah K. Johnson, Fos-

ter Pepper & Shefelman, PLLC, Seattle, WA, Jane B. Jacobs, Esq., Joel R. Dichter, Esq., Klein Zelman Rothermel & Dichter, New York, NY, for Defendants–Appellants.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM *

Christopher L. Hebard and Coto Settlement (collectively, "Hebard") and Ian Eisenberg, French Dreams, and Olympic Telecommunications, Inc. (collectively, "EFO"), appeal the district court's order partially granting the Federal Trade Commission's motion for summary judgment. They also appeal the district court's order, entered after a bench trial, granting consumer redress to the Federal Trade Commission ("FTC").

We have jurisdiction pursuant to 28 U.S.C. § 1291. The facts are known to the parties and will not be repeated here.

We review Hebard and EFO's evidentiary claims for an abuse of discretion. *M2 Software, Inc. v. Madacy Entertainment,* 421 F.3d 1073, 1087 (9th Cir.2005).

■ First, we conclude that district court did not abuse its discretion by admitting the StarNet invoices over Hebard and EFO's claim that the invoices were not authenticated by someone with personal knowledge. The district court record includes the declaration of Tom Van Deren, StarNet's sales and marketing manager, in which Van Deren identifies the invoices as generated by StarNet and testifies that he had personal knowledge of how StarNet invoices were prepared, sent to clients, and maintained in StarNet's records.

■ Second, we conclude that the district court did not abuse its discretion by admitting John Crowley's declaration summarizing the payment reports generated by Olympic Telecommunications, Inc. over Hebard's objection. Hebard's lack of foundation argument fails because Don Reese, Olympic's billing manager, had sufficient familiarity with the summaries to authenticate them. *Cf. United States v. Ray,* 930 F.2d 1368, 1371 (9th Cir.1990). Similarly, Hebard's hearsay argument fails because even if the Olympic payment reports were not admissible against Hebard as party admissions, they were admissible against him as business records. We may affirm the district court's decision to admit evidence on a different ground than that relied upon by the district court where, as here, the issue has been fully briefed on appeal, and there is sufficient basis in the record to address it. *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1011 (9th Cir.1995).

■ Finally, we conclude that the district court did not abuse its discretion by relying on Ken Dawson's declaration summarizing Integretel's records to establish the unreimbursed amount paid by Splashnet consumers. Dawson's declaration was admissible as a summary of Integretel's records.

■ We decline to consider the additional evidentiary issues Hebard raised for the first time in his reply brief. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th Cir.2001) ("issues which are not specifically and distinctly argued

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and raised in a party's opening brief are waived").

AFFIRMED.[1]

---

1. We address Hebard and EFO's remaining claims in a published opinion filed concur-rently with this memorandum disposition.